CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6959
Fax: (415) 436-7027
kelsey.davidson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUIS RINCON,

Defendant.

Case No. 4:26-CR-00215-YGR

**UNITED STATES' SENTENCING MEMORANDUM**

Hearing Date: October 29, 2026
Hearing Time: 2:15 p.m.
Hon. Yvonne Gonzalez Rogers

## I. INTRODUCTION

On January 20, 2026, the defendant, Luis Rincon, knowingly possessed a gun loaded with an extended magazine despite being prohibited to do so as a felon. He left the gun behind in an Airbnb and then broke back into the Airbnb to attempt to retrieve the gun while the owner was at home (in the attached residence) with his children and terrified. Rincon's lengthy criminal history and nature and circumstances of the offense warrant a significant sentence. The government submits that a sentence of 51 months' imprisonment is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II. OFFENSE CONDUCT

The government generally agrees with the recitation of offense conduct in the Presentence

Investigation Report ("PSR") prepared by the Probation Office. PSR at ¶¶ 5-14. On January 20, 2026, the Contra Costa County Sheriff's Office (CCCSO) responded to an Airbnb owner's call that he had found a gun left behind in his rental property. The gun was a Glock 45 pistol bearing serial number BSFA768 and had an extended magazine with 24 rounds of ammunition.

The owner, F.Z., had previously cleaned out the Airbnb on January 18, 2026, and did not find any firearms. On January 19, 2026, a woman and man checked into the rental property. CCCSO officers obtained surveillance footage and saw them arrive in a Mercedes-Benz (license plate ending in 892). A detective recognized the male as Rincon both from prior encounters and from comparing a still shot to a booking photo. Rincon was wearing a black sweater, black pants, and black shoes. The woman was later identified as S.R.

Surveillance footage later shows that on January 20, 2026, around 10:00am, Rincon and S.R. checked out of the Airbnb and left in the Mercedes-Benz. Rincon was wearing the same clothes. Later that day, after CCCSO had taken possession of the firearm, Rincon and S.R. returned to the Airbnb in the same Mercedes-Benz. Rincon—who was wearing a black sweater, black pants, black shoes, and a ski mask—got out of the driver's side of the car and went to the Airbnb window. He took off the screen of the window and jumped into the window of the Airbnb. He is later seen exiting the door of the Airbnb and returning to the window to replace the screen.

At the time of the break in, the owner of the Airbnb was home with his children when this happened. He saw someone breaking into the Airbnb—which is attached to his main residence—and called the police. He was afraid and fearful of retaliation, so he barricaded his children in a room.

When Rincon did not find the gun, S.R. texted the Airbnb owner stating she had left "money" in the Airbnb and wanted to come look for it. F.Z. gave her permission to do so, but she returned and did not find anything. S.R. later called law enforcement and stated that she had stayed at the Airbnb with her friend "Rob" and that he had gone into the studio to find her money because it was urgent. She later changed her story and said "Rob" did not enter the Airbnb but had just taken off the window screen.

Law enforcement later ran a DNA test on the gun. Rincon's DNA is both on the pistol grip and pistol slide. Additionally, a search warrant for his call detail records placed Rincon's phone in the general area of the Airbnb at the time of the stay.

Finally, Rincon has a known history of being stopped in the Mercedes-Benz (license plate ending in 892). Rincon and S.R. had been stopped in the Mercedes-Benz in November 2025 and January 2026, and Rincon was stopped alone in the car in October 2025.

## III. PROCEDURAL HISTORY

On May 5, 2026, the grand jury returned a one count Indictment against the defendant charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. The defendant pled guilty on July 16, 2026. Dkt. 24.

## IV. SENTENCING GUIDELINES CALCULATION

The government agrees with the Probation Office's calculation of the Sentencing Guidelines. PSR at ¶¶ 19-28. Specifically, the government agrees that the defendant's total offense level is 17, and the calculations are as follows:

| | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level | § 2K2.1(a)(4)(B) | 20 |
| Adjustments | § 3E1.1 | -3 |
| Total offense level | | 17 |

The government also agrees with Probation's finding that the defendant has 14 criminal history points, placing him in Criminal History Category VI. *Id.* at ¶¶ 30-40. An offense level of 17 with a Criminal History Category III yields an advisory sentencing range of 51-63 months of imprisonment. *Id.* at ¶ 91.

## V. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(5)** the need to provide restitution to any victims of the offense.

## VI. RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a sentence of 51 months of imprisonment followed by three years of supervised release. Such a sentence would be sufficient, but not greater than necessary, given the nature and circumstances of the offense and the history and characteristics of the defendant.

First, the nature and circumstances of the offense warrant a sentence of 51 months. Rincon possessed a firearm even though he knew he was prohibited from doing so. He then left the loaded firearm in an unsecured location in an Airbnb where, luckily, the owner found it before anything bad could happen. Rincon later broke into the Airbnb, while the owner was at home in the main residence (attached to the Airbnb) with his children. The owner was terrified and barricaded his children in a room.

Second, the history and characteristics of the defendant warrant a sentence of 51 months. The defendant has a significant criminal history and gang affiliation. He has prior felony convictions for receiving stolen property, being a felon in possession, burglary, evading a peace officer, second degree burglary, and another felon in possession, and misdemeanor convictions for a hit and run and giving false information to a police officer. The defendant was released on parole for his 2022 conviction on August 5, 2025. Despite the lengthy 7-year sentence he received, Rincon was then charged with the instant offense which occurred less than 6 months later. It is clear that his last sentence did not deter him, and he continues to possess guns.

The defendant is also a known "NARF" (North Richmond) gang member. In his 2022 conviction for being a felon in possession, he received a gang enhancement under Cal. Penal Code § 186.22(b)(1)(A)

resulting in an additional 4 years being added to his sentence. As part of his conditions of parole, he was also instructed not to contact or associate with any other gang members, not to wear, carry, or possess clothing or apparel with gang colors, signs, or symbols, and not to be within 30 feet of a location known for gang activity. He has also posted rap videos under the name "WeezGotti" in which he brags about murdering people. *See* https://www.youtube.com/watch?v=Rp_NDM-YsXg. In the video "Big Steppa", the defendant states, "I got 7 on my belt, bitch, I'm a real killer", referring to the number of murders he has committed. The song details some of these murders in detail, including how he "almost caught a triple", which law enforcement believes is referring to a double homicide where a third victim survived

The government recognizes that Rincon has some mitigating circumstances in his past; however, these do not outweigh the seriousness of the crime and his lengthy criminal history, especially since his past sentences have not deterred him from committing additional crimes. A sentence of 51 months would promote respect for the law and provide adequate deterrence.

## VII. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 51 months' imprisonment, followed by a three-year term of supervised release.

DATED: October 22, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
KELSEY C. DAVIDSON
Assistant United States Attorney